# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS T. KRUGE, | Civil Action No. 3:14-cv-00192 |
| Plaintiff, | |
| v. | United States Magistrate Judge Cynthia Reed Eddy |
| MICHAEL JOHNSTON, Warden, and MARC MASUCCI, Deputy Warden, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Presently pending is Defendants' Motion to Dismiss, with brief in support (ECF Nos. 12 and 13), and Plaintiff's brief in opposition (ECF No. 15 and 17). For the reasons that follow, the Motion will be granted.[1]

### Factual Background

At the time Plaintiff, Nicholas T. Kruge, initiated this lawsuit he was incarcerated in the Blair County Prison, serving an 11-1/2 – 23 month sentence for a probation violation. On March 25, 2015, Kruge filed a Notice of Change Address and notified the Court that he was no longer incarcerated.

Kruge initiated this action on September 8, 2014, with the filing of a motion to proceed *in forma pauperis* and an accompanying complaint. (ECF No. 1.) The motion to proceed *in forma pauperis* was granted (ECF No. 3), and the complaint was filed. (ECF No. 4.) The original complaint remains the operative complaint. Kruge alleges that on August 14, 2014, while he was incarcerated in the Restricted Housing Unit ("RHU) at the Blair County Prison, Corrections

---

[1] The parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* ECF Nos. 6 and 22.

1

Officer Fox refused to feed him "as a way of discipline in retaliation of misconduct" which he had received. Kruge further alleges that Officer Fox refused to check on him or answer him for a period of five hours.

Named as defendants are Michael Johnston and Marc Masucci, Warden and Deputy Warden, respectively, of the Blair County Prison. Kruge alleges that Defendants "allow[] this treatment in [their] prison." Additionally, Kruge alleges that Defendants refused to return grievances or request slips that Plaintiff had sent them.

The Complaint states that "violation of Human rights, cruel and unusual punishment, violation of inmate rights" is the federal law that was violated. Plaintiff does not specifically mention the Civil Rights Act, 42 U.S.C. § 1983 in his Complaint, but nevertheless the Complaint appears to seek vindication of Plaintiff's federal constitutional rights. Because Plaintiff does not have a cause of action directly under the Constitution, the Court will construe the Complaint as one invoking the Court's jurisdiction pursuant to Section 1983. *Kaucher v. Cnty of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979)).

**Standard Of Review**

1. *Pro Se Litigants*

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley,* 141 F.2d 552,

555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)). *See also Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins,* 293 F.3d at 688). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman,* 116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996) (discussing Fed.R.Civ.P. 12(b)(6) standard; *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir. 1990) (same). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378, (5th Cir. 2002).

2. *<u>Motion to Dismiss Pursuant to Rule 12(b)(6) - The Legal Standard</u>*

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiently of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the

speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must conduct a three-step analysis when considering a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679).

The United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

**Discussion**

It is not clear from the Complaint whether Kruge is suing Defendants in their individual capacities, official capacities, or both.

A.   <u>Individual Capacity</u>

In a § 1983 civil rights action, the plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir.1993).

Additionally, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode,* 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). Claims brought under § 1983 cannot be premised on a theory of respondeat superior. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207.  The Court notes that Kruge fails to adequately establish the personal involvement of either defendant in his complaint. Plaintiff has not alleged any facts to show that specific acts or omissions by Warden Johnston or Deputy Warden Masucci allowed or had anything to do with Corrections Officer Fox refusing to feed Kruge or failing to check on Kruge or answer him for a period of five hours.

Additionally, Kruge has not alleged that either Defendant personally established and / or maintained any policy or procedure, which deprived Kruge of his constitutional rights. *See Barkes v. First Correctional Medical, Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom.*, *Taylor v. Barkes*, -- S.Ct. --, 2015 WL 2464055 (June 1, 2015).

As a result, the Complaint does not contain facts setting forth a plausible claim that either Defendant Johnston or Defendant Masucci can be held liable in any personal or supervisory role for any alleged violation of Harris' constitutional rights. *See Iqbal*, 556 U.S. at 678-79.

B. Official Capacity

"Suits against municipal employees in their official capacities are 'treated as claims against the municipal entities that employ these individuals'." *Lakits v. York*, 258 F. Supp.2d 401, 405 (E.D.Pa. 2003) (quoting *Smith v. Sch. Dist. of Phila.*, 112 F. Supp.2d 417, 425 (E.D.Pa. 2000.)) "This is because, in a suit against a municipal official in his official capacity, the real party in interest is the municipal entity and not the named official." *Id.* (citations omitted). Thus, "[w]here a suit is brought against a public officer in his official capacity, the suit is treated as if the suit were brought against the governmental entity of which he is an officer." *Mitros v. Cooke*, 170 F. Supp.2d 504, 506 (E.D.Pa. 2001) (citation omitted).

The complaint does not allege that a Blair County policy or custom caused a violation of Kruge's rights. The Complaint does not allege that Blair County, through Defendants in their official capacities, and through some official policy or custom, endangered or harmed Kruge in any fashion.

Accordingly, the Court finds that the complaint fails to state a plausible policy-or-custom claim. *See Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690-91 (1978); *Iqbal*, 556 U.S. at 678-79.

C. <u>Failure to State a Claim</u>

In the alternative, the Court finds that the allegations of the Complaint are insufficient to establish the violation of the Eighth Amendment. Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). "Prison conditions may amount to cruel and unusual punishment if they cause 'unquestioned and serious deprivations of basic human needs . . . [that] deprive inmates of the minimal civilized measure of life's necessities.' " *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 417–18 (3d Cir. 2000) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)) (alteration and omission in original). "To demonstrate a deprivation of his basic human needs, a plaintiff must show a sufficiently serious objective deprivation, and that a prison official subjectively acted with a sufficiently culpable state of mind, i.e., deliberate indifference." *Id*. at 418 (citation omitted).

Kruge claims that he "went from lunch on 8-12-2014 to breakfast on 8-13-2014 with no meal." (ECF No. 2.) Food deprivation claims are conditions of confinement claims. Therefore, Plaintiff must allege facts sufficient to meet the two-prong *Farmer* test. The United States Court of Appeals for the Third Circuit has recognized that "only a <u>substantial</u> deprivation of food to a prisoner sets forth a viable Eighth Amendment claim." *Lindsey v. O'Connor*, 327 F. App'x 319, 321 (3d Cir. 2009) (emphasis added). However, when it is alleged that prison officials have, in a systematic way, denied a series of meals to an inmate over a span of weeks, the Eighth Amendment's prohibition against cruel and unusual punishment is implicated.

Kruge's Complaint fails to allege sufficient facts from which it could be inferred that he has suffered a substantial deprivation of food or that either of the Defendants acted with the

7

requisite culpable state of mind or engaged in a systematic way to deny him a series of meals over a span of weeks. *See Zanders v. Ferko*, 439 F. App'x 158 (3d Cir. 2011) (alleged deprivation of three means over two days fails to rise to the level of a constitutional violation (citing *Foster v. Runnels*, 554 F.3d 807, 812-13 (9th Cir. 2009) (holding denial of 16 meals over 23-day period was sufficiently serious deprivation for purposes of the Eighth Amendment but denial of meals on two isolated occurrences did not rise to the level of a constitutional violation.). *See Iqbal,* 556 U.S. at 678 (noting that the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.")

Similarly, Kruge's claims that Defendants violated his constitutional rights when they refused to return requests slips or grievances and/or returned them unsigned and unanswered fail to state a cognizable claim under 42 U.S.C. § 1983. It is well established that inmates do not have a constitutional right to prison grievance procedures. *See Jones v. North Carolina Prisoners Labor Unions*, 433 U.S. 119, 137–38 (1977); *Speight v. Sims*, No. 08–2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")

Consequently, any attempt by Plaintiff to establish liability against the Warden and Deputy Warden solely based upon their substance or lack of response to his institutional grievances does not by itself support a constitutional claim. *See also Alexander v. Gennarini*, 144 Fed. Appx. 924, 925 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for § 1983 liability).

**Futility**

If a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Fletcher-*

8

*Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.*

Given that the Court has already provided Plaintiff with an opportunity to amend, (*see* ECF No. 14), the Court is not required to provide him with further leave to amend as further amendment would be futile. *Shelley v. Patrick*, 481 F. App'x 34, 36 (3d Cir. 2012). Accordingly, the Court will not grant Plaintiff leave to amend as it would be futile.

### Conclusion

For the reasons stated above, the Motion to Dismiss filed by Defendants Michael Johnston and Marc Masucci (ECF No. 12) will be granted.

**AND NOW**, this 8th day of June, 2015:

It is hereby **ORDERED** that Defendants' Motion to Dismiss is **GRANTED** in its entirety for failure to state a claim and Plaintiff's claims are dismissed with prejudice as a matter of law.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: NICHOLAS T. KRUGE
1165 Creekside Drive
Altoona, PA 16601

Suzanne B. Merrick
Thomas, Thomas & Hafer LLP
(via ECF electronic notification)

Lauren N. Woleslagle
Thomas, Thomas & Hafer, LLP
(via ECF electronic notification)